Case 2:14-cr-00183-TOR   Document 53   Filed 06/18/15

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 18 2015

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TERRY MICHAEL GRIMM,<br><br>Defendant. | 2:14-CR-00183-TOR<br><br>Preliminary Order of Forfeiture |

IT IS HEREBY ORDERED THAT:

As the result of the Defendant's guilty plea to Count 1 of the Indictment, charging Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), for which the United States sought forfeiture of assets pursuant to 18 U.S.C. § 2253, Defendant, TERRY MICHAEL GRIMM, shall forfeit to the United States any property, real or personal, used or intended to be used to commit or promote the commission of such offense or any property traceable to such property.

The Court has determined, based upon the Defendant's plea agreement, that the following assets are subject to forfeiture pursuant to 18 U.S.C. § 2253, and that the United States has established the requisite nexus between such assets described below, and such offense(s):

1) Black Homemade Desktop Computer, No Serial Number;,

2) Seagate 100GB Hard Drive, Model ST100827AS, Serial Number, 5LZ0PL1A; and,

3) Western Digital 160GB Hard Drive, Model: WD1600JB, Serial Number: WCANM459444.

Preliminary Order of Forfeiture 1
Grimm PoF.docx

Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Rule G(4)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, authorized under 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253, and Fed. R. Crim. P. 32.2(b)(6)(C), the United States is not required to publish notice of this order because based upon information provided by the Bureau of Immigration and Customs Enforcement/Homeland Security Investigations, the forfeitable property is worth less than $1,000.00. Defendant stipulated in his plea agreement that he is the sole owner of the assets and that no one else has an interest in the assets; and, the Bureau of Immigration and Customs Enforcement/Homeland Security Investigations, has not identified any additional or potential claimants, therefore, the United States will not provide direct notice.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture is final as to the Defendant at the time of sentencing, and is made part of the sentence and included in the judgment. The United States will move for the Preliminary Order of Forfeiture to be declared final at or after sentencing.

The United States shall have clear title to the above-listed property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Fed. R. Crim. P. 32.2(c)(2), Rule G(5) and 21 U.S.C. § 853(n) as incorporated by 18 U.S.C. § 2253, for the filing of third party petitions. The United States will move for the Preliminary Order of Forfeiture to be declared final at or after sentencing if no claims or petitions are received or filed.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

ORDERED this 18th day of June, 2015.

Thomas O. Rice
United States District Judge

Preliminary Order of Forfeiture 2
Grimm PoF.docx

Presented by:

Michael C. Ormsby
United States Attorney

s/James A. Goeke

James A. Goeke
Assistant United States Attorney